Filed 12/23/13  P. v. Rodriguez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063583 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS260464) |
| EMIGDIO SALVADOR RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Patrick J. Hennessey Jr., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Emigdio Salvador Rodriguez pleaded guilty to committing vandalism causing damage of $400 or more (Pen. Code,[1] § 594, subds. (a) & (b)(1)). The trial court suspended imposition of sentence and placed him on probation for three years. As a condition of probation, the court ordered him to pay an administrative processing fee of $25 under section 1463.07.

Rodriguez appeals, contending we must reverse the administrative processing fee because it does not apply under the circumstances of this case. We disagree and affirm the order.

## BACKGROUND[2]

Rodriguez pleaded guilty as part of a negotiated plea agreement. The agreement contemplated Rodriguez would not serve any additional time beyond what he had served at the time of the guilty plea. Nonetheless, before the court sentenced Rodriguez, the prosecutor wanted a formal probation report. To honor the parties' agreement, the court released Rodriguez on his own recognizance at the conclusion of the change of plea hearing and ordered him to return to court for the sentencing hearing.

---

[1] Further statutory references are also to the Penal Code unless otherwise stated.

[2] We have omitted a summary of the facts underlying Rodriguez's guilty plea as they are not relevant to the issue raised on appeal.

## DISCUSSION

Section 1463.07 provides: "An administrative screening fee of twenty-five dollars ($25) shall be collected from each person arrested and released on his or her own recognizance upon conviction of any criminal offense related to the arrest other than an infraction." On its face, the statute applies whenever a person is arrested and subsequently released on his or her own recognizance.

Here, the record shows Rodriguez was arrested and then remanded to the San Diego county sheriff's custody, where he remained until the court released him on his own recognizance pending the sentencing hearing. These circumstances fall squarely within the ambit of section 1463.07. Nonetheless, Rodriguez contends the court should not have imposed the fee because, when the court released him pending his sentencing, he had served all of the custody time contemplated by the parties. However, the statute contains no exception for such circumstances. Rodriguez, therefore, has not established the court erred in imposing the fee.

## DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

3